UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | Docket no. 2:12-cr-00033-GZS |
| DANIEL BUSSIERE, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTIONS TO SUPPRESS EVIDENCE**

Before the Court are Defendant's First Motion to Suppress Evidence and Incorporated Memorandum (ECF No. 28) and Second Motion to Suppress Evidence and Incorporated Memorandum (ECF No. 29). Having determined that no evidentiary hearing is necessary and having fully considered the parties' written submissions, the Court DENIES Defendant's First Motion to Suppress Evidence and GRANTS WITHOUT OBJECTION Defendant's Second Motion to Suppress Evidence for reasons briefly explained herein.[1]

**I.   FACTUAL BACKGROUND**

On January 9, 2012, Southern Maine HIDTA Drug Task Force Agent Joey Brown spoke with a confidential informant (the "informant"), who is paid by the Drug Enforcement Agency. According to Agent Brown, the informant has provided information in the past that has been credible. The informant told Agent Brown that on that same day, January 9, s/he had been inside Defendant Daniel Bussiere's residence in Lewiston, Maine. While inside, the informant had

---

[1] In responding to the Motions to Suppress, the Government indicated that it does not intend to introduce any statements from the interview in question as part of its case-in-chief (ECF No. 34). Accordingly, the Court GRANTS Defendant's Second Motion to Suppress Evidence and Incorporated Memorandum based on no objection from the Government.

observed a black handgun on the floor of Defendant's bedroom and that Defendant was in possession of approximately 50 oxycodone 30 milligram pills. The informant told Agent Brown that Defendant provides oxycodone to local users and dealers and that Defendant does not have a prescription for oxycodone. The informant then told Agent Brown that Defendant keeps the pills inside an orange prescription pill container with no writing on the container. The informant further told Agent Brown that approximately two weeks prior to their discussion, the informant had purchased oxycodone from Defendant in exchange for cash.

The informant was introduced to Defendant through a mutual friend, a lower level oxycodone distributor. The informant told Agent Brown that on January 4, 2012 and January 8, 2012, that friend had purchased oxycodone from Defendant in the presence of the informant. At that time, the informant observed Defendant retrieve the orange pill bottle with no writing on it from a coffee table in the living room of Defendant's residence and give the friend oxycodone pills in exchange for cash. The informant also observed a black handgun on the floor when s/he arrived and then the same handgun on the bed as s/he was leaving Defendant's residence. As s/he was leaving, the orange pill bottle was next to the handgun on the bed. Defendant told the informant that Defendant receives approximately 50 oxycodone pills, as needed, from a female supplier in Sabattus, Maine.

Previously, on December 31, 2011, Agent Brown had observed several people enter and exit Defendant's residence in Lewiston, Maine. Agent Brown observed that most of those individuals would stay for only a short period; a pattern consistent with drug trafficking. Agent Brown compiled his observations along with the information he received from the informant into an affidavit dated January 9, 2012, which was sworn before a justice of the peace (ECF No. 35). That same day, a search was conducted of Defendant's residence pursuant to a warrant.

## II. DISCUSSION

Defendant seeks suppression of any and all evidence obtained as a result of the search that occurred at his residence on January 9, 2012, on the ground that the affidavit submitted in support of the search warrant did not adequately establish probable cause to search the residence. An affidavit submitted in support of a warrant must demonstrate, based on a totality of the circumstances, that there is probable cause to believe that a crime has been committed and that specified evidence relevant to the offense will be found at the place to be searched. See United States v. Feliz, 182 F.3d 82, 86 (1st Cir. 1999); United States v. Khounsavanh, 113 F.3d 279, 283 (1st Cir. 1997). Probable cause to issue a search warrant exists when "given all the circumstances set forth in the affidavit there is a fair probability that contraband or evidence of a crime will be found in a particular place." United States v. Procopio, 88 F.3d 21, 25 (1st Cir. 1996) (internal quotation omitted). "Probable cause need not be tantamount to proof beyond a reasonable doubt. Probability is the touchstone." Id. (internal quotation omitted). An affidavit supporting a request for a search warrant must give the judge issuing the search warrant a substantial basis upon which to conclude that there is such a fair probability based on a practical, common sense reading of the circumstances presented in the affidavit. Id.; see also Illinois v. Gates, 462 U.S. 213, 238-39 (1983). A judge's determination of probable cause is entitled to substantial deference. See Gates, 462 U.S. at 236-37.

Where, as here, the affidavit underlying the search warrant relies on the information of an unnamed informant, the affidavit must provide some information upon which the issuing judge can assess the informant's credibility. See United States v. Greenburg, 410 F.3d 63, 67 (1st Cir. 2005). The First Circuit has developed a nonexhaustive list of factors to consider in establishing the credibility of an unnamed informant, including:

> [W]hether an affidavit supports the probable veracity or basis of knowledge of persons supplying hearsay information; whether the informant statements are self-authenticating; whether some or all of the informant's factual statements were corroborated wherever reasonable or practicable; and whether a law enforcement affiant included a professional assessment of the facts related by the informant based on experience.

Id. (internal quotation omitted). No single factor is determinative and other indicia of credibility may be relevant. See id.

Here, the affidavit in support of the search warrant sufficiently established the credibility of the informant and probable cause to justify the issuance of the warrant. First, the manner in which the tip was provided supports the informant's credibility. The affidavit provided that Agent Brown spoke with the informant on January 9, 2012 and that the informant has provided information in the past. Accordingly, Agent Brown knew the identity and could later hold the informant responsible if the information later proved to be false. Moreover, Agent Brown had the opportunity to question the informant about the information provided and evaluate the informant's reliability. See id. (stating that "[t]his sort of face-to-face contact between the agent and the informant supports the informant's reliability.").

Next, the affidavit recited detailed, first-hand information supplied by the informant. The affidavit described at least two drug buys for which the informant was present, including personal observations of the location and movement of a handgun and an orange prescription pill container with no writing on it. "A specific, first-hand account of possible criminal activity is a hallmark of a credible tip." Id. (internal citations omitted); see also United States v. Barnard, 299 F.3d 90, 94 (1st Cir. 2002) (finding that a first-hand observation of two firearms at defendant's house and identification of the type of guns tended to support the credibility of an unnamed informant). Furthermore, the informant implicated him or herself by stating that two weeks prior to the discussion with Agent Brown, the informant had purchased oxycodone from

Defendant for cash. (Affidavit (ECF No. 35) at 5, ¶ I.) Such a self-incriminating statement made by a person known to law enforcement "is more likely to be true because of the risk inherent in making such a statement." Greenburg, 410 F.3d at 67-68. In addition, Agent Brown provided independent corroboration by personally observing a pattern of individuals entering and exiting Defendant's residence two weeks prior that was consistent with drug trafficking.

Finally, Agent Brown asserted in his affidavit that the informant had "provided information in the past that has been deemed credible and I therefore believe information provided by [the informant] to be credible and reliable in this case." (Affidavit at 5, ¶ F.) In United States v. Jordan, 999 F.2d 11, 14 (1st Cir. 1993), the First Circuit found that a statement by an experienced law enforcement officer vouchsafing the credibility of the informant could be sufficient to establish the reliability of the informant's statements. Similarly here, Agent Brown, a seven-year veteran of the Lewiston Police Department, affirmed his belief in the credibility of the known informant in the affidavit. Accordingly, the totality of information conveyed in the affidavit sufficed to establish probable cause to believe that a crime had been committed and that evidence of that crime would likely be found in Defendant's residence. See United States v. Schaefer, 87 F.3d 562, 565 (1st Cir. 1996).

Assuming *arguendo* that the affidavit did not establish probable cause, the good faith exception would preclude suppression. See United States v. Leon, 468 U.S. 897, 922 (1984); United States v. Owens, 167 F.3d 739, 745 (1st Cir. 1999) (holding that the exclusionary rule should not be applied when an officer acting with objective good faith has obtained a facially valid search warrant and acted within its scope). Nor would this case fit within one of the four categorical exclusions to the good faith exception. See Owens, 167 F.3d at 745. The exclusions are:

(1) when the magistrate was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard for the truth; (2) where the issuing magistrate abandoned his detached and neutral judicial role; (3) where the affidavit is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where a warrant fails to particularize the place to be searched or the things to be seized such that the executing officers cannot reasonably presume it to be valid.

Id. Here, the affidavit had ample indicia of probable cause "to render official belief in its existence" reasonable. Leon, 468 U.S. at 923. Accordingly, Defendant has failed to establish any basis for suppressing any evidence found in his apartment as a result of the search.

### III. CONCLUSION

For the reasons just given, the Court hereby DENIES Defendant's First Motion to Suppress Evidence and GRANTS WITHOUT OBJECTION Defendant's Second Motion to Suppress Evidence to the extent it sought to suppress statements made by Defendant during the February 27, 2012 interview.

SO ORDERED.

/s/ George Z. Singal  
United States District Judge

Dated this 4th day of September, 2012.